**Frank W. HODGES, Plaintiff,**

v.

**UNITED STATES of America and Arthur A. Kennedy, District Director of Internal Revenue, Defendants.**

**Civ. A. No. C–2686.**

United States District Court,
D. Colorado.

Feb. 4, 1971.

---

Reardon, Reardon & Reardon, Denver, Colo., for plaintiff.

Carolyn J. McNeill, Asst. U. S. Atty., Denver, Colo., for defendants.

## ORDER

CHILSON, District Judge.

Plaintiff seeks injunctive relief restraining the collection of income tax deficiencies assessed against the plaintiff for the years 1966 and 1967.

Title 26 U.S.C. § 7421 provides:

"Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

The statutory exceptions are not here pertinent. The foregoing statute does not deprive the plaintiff of his remedy at law to pay the tax, file a claim for refund, and if it is not allowed, to bring an action for a refund.

There is an exception to the anti-injunction statute Section 7421. It is best described in Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

Enochs stated:

"The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the

*Nut Margarine* case (Miller v. Standard Nut Margarine Co., 284 U.S. 498 [52 S.Ct. 260, 76 L.Ed. 422]) the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in 'the guise of a tax.' Id., [284 U.S.] at 509. [52 S.Ct. at 263] "We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed * * * The Government's claim must be without foundation." *Id.* at 7, 82 S.Ct. at 1129.

From the facts which have been pleaded by the plaintiff, it is clear that the Enochs rule does not apply.

When the plaintiff and his ex-wife filed their joint 1967 income tax return, the Commissioner determined that they had overpaid the tax in the amount of $1,258.95. A refund check in that amount was sent in the name of husband and wife. Subsequently, the Commissioner audited plaintiff's 1966 and 1967 return and determined additional income taxes due for those years. Plaintiff sent in the check that he and his ex-wife had endorsed to the internal revenue service. This occurred almost a year after the refund check had been sent out. The commissioner sent plaintiff a statement crediting the amount of the check to plaintiff's deficiency and determining that plaintiff owed a little more. Plaintiff promptly sent in the additional amount.

Subsequently, the Commissioner sent plaintiff a new bill for the amount of the refund check when the Commissioner determined that the refund check did not clear the bank. The record reveals that the check did not clear the bank because a duplicate check had been issued

in its place. The duplicate check apparently was issued to the ex-wife who was given the right to "any monies paid to plaintiff from the U. S. Internal Revenue Department as tax refund for the year 1967 * * *" by the property settlement incorporated into the couple's divorce decree.

We cannot say in these circumstances it is clear that the Government cannot ultimately prevail.

The defendants have moved to dismiss the complaint and the motion to dismiss should be granted.

It is therefore ordered that the defendants' motion to dismiss the complaint is granted, and that judgment of dismissal forthwith enter.